I concur with the majority that we must affirm the decision of the common pleas court as there has been no showing that the trial court abused its discretion.
I write separately to emphasize that either Ohio Adm. Code Section4301:1-1-52 (Rule 52) should be amended or the Supreme Court of Ohio should revisit the case of Henry's Café Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233.
The broad language of Rule 52 permits a license holder to lose his or her liquor license without a showing of culpability for the unknown criminal act of an employee. The wording of Rule 52, and more importantly, its application to a license holder allows an invisible thread of culpability to become a basis for revoking a license, even when the licensee has no involvement with the wrongdoer.
Secondly, the Henry's Café case makes it clear we do not have authority, as an intermediate reviewing court, to modify the penalties imposed by the Liquor Control Commission. While I do not advocate that we should become a super Liquor Control Commission, some relief should be available when an otherwise legitimate business is ruined by an employee acting improperly and without knowledge of the license holder when committing criminal acts that are not direct violations of the liquor laws.
Under the circumstances permitted by Rule 52, the licensee, who has not committed a criminal act, and is neither a co-conspirator nor an accessory, is subject to a loss of a liquor license as a consequence of the criminal act of an employee. While the rule is plausible and enforceable if the acts of the employee are violations of the liquor laws, the independent criminal acts of an employee, unassociated with the liquor laws, should not result in revocation of the liquor license. However, the result in the instant case, both as it relates to the actions of the Liquor Control Commission and the common pleas court is in accordance with law and therefore must be upheld.
The overly broad language of Rule 52 in combination with the restrictions in the Henry's Café case result in my view in an injustice. Even the liquor establishments of Ohio, as legitimate business enterprises, are entitled to balance and fairness in the application of the law.